Good morning, your honors. Wendy Albers for Plaintiff and Appellant George Brown. This circuit has consistently held state law discrimination and retaliation claims are not preempted by Section 301 of the Labor Management Relations Act. And this case should be no different. Defendant's entire argument is premised on the faulty assumption that this is a complaint about progressive discipline. That is not what this case is about. Plaintiff's complaint alleges discriminatory application of the terms of a collective bargaining agreement. Plaintiff's wrongful termination claims are not based on the right to progressive discipline, a right created by the collective bargaining agreement, but on the right to have the employer's policies and procedures applied in a non-discriminatory manner. Can I ask you a question about your intentional tort claims? Yes. When I read the complaint, these really don't sound like intentional torts to me. They sound as if – I mean, there's really not a complaint here that the employer assaulted or battered your client or that the employer intentionally asked the patient to engage in misconduct. They sound like unsafe workplace claims to me or, at most, negligence claims. Can you avoid preemption by casting what would be unsafe workplace claims or negligence claims as intentional torts? Well, Your Honor, I think at this stage of the litigation that the claims have to be taken at face value. Yeah, but at what face value? At face value of the allegations or at face value of your legal description of them? The allegations, to me, seem not to amount to intentional torts, but you do label them as such. I understand, and I think for the preemption analysis, that whether the employee's actions actually amounted to a state law claim of assault and battery or intentional infliction of emotional distress is really irrelevant to the inquiry, and that's for the state court to decide. Then can we move on to your unsafe workplace claim? Sure. If there is such a claim under California law, which I'm not clear about. I'm not clear about a lot of California law. Why isn't that one preempted by Section 17 of the CBA? The California Labor Code violations for failure to provide a safe and secure workplace rests on the same facts as the assault and battery claim, which do not require interpretation of the collective bargaining agreement. Well, see, and that's where I'm having some difficulty, because now we've got this circular argument that says, well, I've made an assault and battery claim. That's an intentional tort, even though it really doesn't look like one. If I'd only made an unsafe workplace claim, I think Section 17 of the CBA would be required to interpret it. So why, at least with respect to your unsafe workplace claim, isn't there preemption and, therefore, federal jurisdiction? Well, I think the broad, are you referring to the broad management rights provision of the collective bargaining agreement? Well, there's a security in the workplace provision in the collective bargaining agreement. I think it's, my notes say Section 17, but I may be wrong about that. There's a long provision about providing security in the workplace and other provisions like that. Why doesn't that preempt this claim? Again, I guess this claim is based on the employer's intent. Did the employer intend in relocating this patient to intentionally disregard the employee's safety? And whether the plaintiff can make out this claim will depend on the motivation of the employers and not necessarily on interpreting any provision of the collective bargaining agreement. Well, the assault and battery claim doesn't depend on the motivation of the employer because the employer did not engage in the assault and battery. It was a patient, right? Correct. So why does the interpretation of the, how does that play out vis-a-vis the collective bargaining agreement when the hospital really had nothing to do with why the patient did what it did? Why are you saying the hospital was? Because the hospital was the one that relocated this patient. Okay. And that, you say, is not preempted because? And that is not preempted because it doesn't require interpretation of the collective bargaining agreement. And I think that. So does it strengthen your argument that it was the patient who engaged in the assault rather than another hospital employee or a supervisor? I don't think it would make a difference. Okay. And I think that the Galvez case is instructive on this issue, and that case also lists several Ninth Circuit cases where claims based on hazardous work conditions, which might have been construed as embraced by provisions in the collective bargaining agreement, were not preempted because proof did not depend on interpretation of any disputed terms of the collective bargaining agreement. Although in Galvez, the assaulter, if you will, was a supervisor. Correct. And the argument was that his assault could be imputed to the employer. Correct. Isn't it a little bit different when you run a hospital that has mental patients in it or unstable patients in it, and the argument is you didn't sufficiently secure them so that staff was assaulted by them? Again, to the extent you go to the merits of the cause of action, I don't think that's relevant to the preemption inquiry, and I don't believe that there's any provision that would necessarily need to be interpreted to resolve an assault and battery claim under State law or to resolve the Labor Code violation claims. And what's your position on whether there is an unsafe workplace claim under California law? What case tells us there's a private cause of action for that under Section 6400? For unsafe work condition? Yes. I don't have a case handy. I understand that the State could enforce against an employer those provisions, but do you have any case that suggests that there's a private cause of action for that? For violation of the Labor Code statute? Yes. I do not. And, again, whether, you know, the complaint states a sufficient State cause of action, I think is left for the State court to decide, not the Federal court, if there is no jurisdiction on the basis of preemption. How do you define the narrow issue that you think is before us? The narrow issue before you is whether these claims, as alleged, are preempted by Section 301 of the Labor Management Relations Act. And if they are not preempted, then we request that the case be remanded and with directions to remand to the State court to determine the merits of these claims and whether these claims could survive a summary judgment motion. Nothing's in dispute, though, in this situation. Does that matter in your view? There are no factual disputes here, are there? There's no dispute over any interpretation of the collective bargaining agreement. There's no provision that's disputed by the parties. Well, we're looking at strictly a legal issue, aren't we? Correct. This is strictly a legal issue. And to the extent the Court finds that some of these claims are preempted and some of these claims are not preempted, I believe that the Court still needs to remand the claims that are not preempted. Address that for a moment. Why wouldn't the district court under those circumstances be entitled at its discretion to exercise supplemental jurisdiction? I think the Ninth Circuit decision in Hubbell v. Boeing is instructive on this issue, and that's 305 F. 3rd, 1004. And in that case, the Court found, the Ninth Circuit found, one of Plante's claims was preempted under Section 301, one was abandoned on appeal, and one was not preempted, and the dismissal of the nonpreempted claim was reversed and the case was remanded. And it was reversed because the judge abused – I'm not familiar with Hubbell off the top of my head, but was it reversed because the judge abused discretion in reaching it? No, it was reversed as a matter of law because the district court did not have jurisdiction over the claim that was not preempted. So I would direct the Court to that case. But it is our position that all of the claims alleged in the complaint are preempted and the merits of those claims are for the state court to decide and not the federal court when the federal court lacks jurisdiction because the claims are not preempted. And if the Court doesn't have any further questions, I'd like to reserve the remaining of my time for rebuttal. You may. Good morning. My name is Brandon Sylvia. I'm here representing the defendant in Appelli, Brotman Medical Center. As the Court has been discussing this case, it's about preemption under the Labor Management Relations Act, which turns on an issue that's easy to define and not so easy to apply. Does the plaintiff's allegation state a claim that requires interpretation of a provision of the collective bargaining agreement? As plaintiff's allegations in this complaint make clear, the answer is yes as to each of those claims. Do I tell us which provisions of the collective bargaining agreement each of those claims implicate? Certainly. The first cause of action or the first claim that is labeled a FEHA discrimination harassment claim alleges that Mr. Brown was not provided progressive discipline under the CBA and that he was falsely accused of an attack on a patient and terminated. Those allegations call into question Article 10, the discipline provision of the collective bargaining agreement, which states that unless circumstances warrant more severe action, Brotman will attempt to follow a progressive discipline system. Plaintiff's allegations here ask whether Brotman was entitled to bypass the progressive discipline policy, and that's certainly something that's entitled to do under the CBA depending on what more severe circumstances means and what the employer in the union meant when they agreed to that term of the collective bargaining agreement. With regard to the intentional tort claims, assault, battery, intentional infliction of emotional distress, those call into question the rights and obligations provided by the management rights section of the CBA, particularly Article 21, which provides Brotman the ability to determine the location, method, and nature of services it's going to provide the patient, including relocating a patient within its facility, which is the conduct, the specific conduct that is alleged to have been tortious in this case. What, it's not relocating somebody, relocating somebody?  That's correct. It is a claim for assault and a claim for battery, but it is not an assault or battery by any agent of the hospital. It is an assault or battery by a patient who is in the hospital at the time, and the allegation that plaintiff uses to impute this assault and battery to the employer is one of a ratification by the way in which we exercised the collective bargaining agreement right to relocate the patient by not subduing the patient in the way Mr. Brown thinks we ought to have. We have condoned the assault. Tell me again where in the, what section of the collective bargaining agreement deals with the right to relocate patients? Certainly, Your Honor. Article 21, page 176 and 177 of the record, provides Brotman the right to determine the type and scope of work to be performed and the services to be provided to patients and to determine the methods, processes, means and places of providing services to patients, as well as to determine the quality of patient services. So encompassed in those rights is the ability to determine where this patient ought to be located. If she is agitated, the psych ward where Mr. Brown worked was the employer's determination in this case. And that is the conduct, that decision, that exercise of management rights is alleged to be the tortious conduct here. Well, that's not what's alleged to be the tortious conduct. What's alleged to be the tortious conduct is an assault on a battery. You're saying that you can't sue us for assault and battery. You should complain to us on the collective bargaining agreement that we should have managed this patient better, to have avoided the assault and battery, and we should do so in the future. But how does that help the person who's assaulted? Well, you're certainly correct that Mr. Brown had a remedy under the CBA. He could have used the health and safety provision of the collective bargaining agreement to report it to the joint health and safety committee. He could have elected to grieve a workplace safety issue. But that's not the determinative issue here. We have to focus on the plaintiff's allegations, which are that Brotman took no corrective or remedial measures or actions to subdue the patient's anger, and that the patient was moved to plaintiff's unit or post, which further angered and frustrated her. And that by those actions, Brotman is liable for the intentional torts. Well, and it may well be, and this is the question I was asking your opponent, it may well be that these are not intentional torts under California law. But is the mere assertion of an intentional tort here enough for us to say that the collective bargaining agreement couldn't cover intentional torts, and therefore these claims are not preempted, even if dismissible by the State court? No, Your Honor. Although they are labeled as an intentional tort, the application of that label, calling it a State law claim, doesn't change the nature or the substance of the claim here, which by the plaintiff's allegations made clear, it's calling into question the exercise and the rights provided under the collective bargaining agreement. In Galvez, for example, a case that was discussed a few minutes ago, we have a supervisor, an agent of the employer, committing an intentional tort against an employee. And the court there said nothing in the collective bargaining agreement could authorize a physical battery by an employer's agent against another employee. That's not the situation we're dealing with here. Here we have a patient, not an agent of the employee, and the battery, the tortious conduct, is alleged to have been the exercise of the rights provided by the collective bargaining agreement. With respect to the claims that Mr. Brown was discriminated against or that he was fired because of whistleblowing, what do you do with a debt to belly, I guess is our case? Yes. But doesn't that say, doesn't, don't, haven't we say there that there's, we have a long line of cases saying that the California discrimination employment law claims do not, are not preempted? That's correct, Your Honor. There is a long line of Ninth Circuit cases, typically with debt to belly and with Ramirez. These cases involve allegations that bring a plausible claim of discriminatory application. But isn't that, I read this complaint as saying that. You know, you didn't, you didn't apply the normal processes to me because you intended to discriminate. It may be a frivolous claim, maybe a claim that loses, but doesn't that get you outside of preemption? Your Honor, if it does, then Section 301 is not as broad as it was intended to be. It is no longer the broad preemptive claim that it was when it was enacted. Debt to belly and Ramirez are different than this case because they alleged discriminatory application and both those cases included in the complaint detailed allegations of discriminatory conduct. In debt to belly, the allegations were that the employer routinely had a practice of discriminating against older female Filipina employees and there were examples in the allegations of employees who were terminated without cause and replaced by younger white male employees. In Ramirez, the allegations were similarly detailed. The allegations were that the employer routinely had a practice of passing over Hispanic employees and discriminating against them. We don't have those allegations here. For example, we don't have an allegation that a younger employee who also got into an altercation with a patient was not provided the progressive discipline. All we have to do is say that the employer was discriminating against the patient. That's all we have. But again, this may mean that the claim fails as a matter of State law, but Mr. Brown says, I was discriminated against. He doesn't say because of age or whatever, but I was discriminated against. Isn't that enough to state a California law claim? No, Your Honor. Here, we are entitled to apply the artful pleading doctrine. If it was as simple as saying the magic word, if all that needed to be done to defeat Federal preemptive jurisdiction was to say the word discrimination or to cite the Fair Employment and Housing Act, then this would be a simple case. But that's not the law. The law requires us to look at the nature of the claim alleged. And here, the claim is that Mr. Brown was not provided progressive discipline, and he says he ought to be. That is the adverse employment action element of his fair employment, housing, and discrimination whistleblowing claims. But we don't know if it's an adverse employment action because we don't know whether he was entitled to progressive discipline because he's not if the circumstances warrant. And we don't know what that language means without interpreting the collective bargaining agreement. So how would the collective bargaining agreement help me to understand that? How would I have to interpret it to understand whether or not he was entitled to progressive discipline? It depends on what I've read it, and I'm not sure there's anything in it that helps me. So tell me how I'd have to interpret it. Well, we need to find out what more severe circumstances are, and we'd have to look at the course of conduct between the union and the employer. We'd probably need to inquire into the bargaining negotiations. What did we mean to agree to when we put that language into the agreement? We're going to have to inquire into the bargaining negotiations if we're looking at an agreement where we're supposed to interpret the agreement. And you've said so far we should look at Article 10 and Article 21. What article should we be looking at with respect to the termination whistleblower aspect? That's the health and safety part of the collective bargaining agreement. Article 17, which creates the joint health and safety committee and provides a complaint procedure. So assuming we're not going to look into the nature of the negotiations and what your intent was, we should look at Article 10, Article 17, and Article 21. Anything else that we should look at? No, Your Honor. Those are the most relevant provisions of the collective bargaining agreement. I see my time has expired, so unless the Court has further questions. Thank you, Counsel. Thank you. Thank you. A few points I'd like to make. In every case in which this circuit has considered an action brought under FEHA, it is held that it is not preempted by Section 301. And I think that the ---- Again, your opponent says, well, you labeled it a FEHA claim, but it's really a claim that you didn't get to progressive discipline that the collective bargaining agreement calls for. So address that, if you would. Sure. Plaintiff is not just claiming in this case that it's a breach of the collective bargaining agreement because he was denied progressive discipline. Plaintiff is complaining in this case that he was discriminatory, that provision of the policy was applied to him in a discriminatory fashion. And to prove that claim, the Court is not going to have to evaluate this language of the collective bargaining agreement, but we'd need to evaluate the plaintiff's conduct, whether other employees had engaged in similar conduct and not been terminated, and the motivation for the disparate treatment that the plaintiff alleges in this case. The plaintiff is not simply relabeling this claim as a breach of a collective bargaining agreement to become a discrimination claim. Plaintiff needs to prove those elements in state court to prove his discrimination claim. So it makes no sense to simply relabel something and then fail to be able to prove those in state court. Your time has expired. I want to ask you, because one of the nice things about the electronic aid is you can read cases during argument. Humboldt doesn't seem to dismiss the state law claim, but rather remanded to the district court to exercise its discretion. Assuming I'm reading Humboldt correctly, do you have any other case in support of your proposition that the district court couldn't exercise supplemental jurisdiction over a state law claim if it had some federal jurisdiction here? Over a state law? But it doesn't have federal jurisdiction. I know. I understand. But let's assume that we find that it does. And the question is, you argue that it shouldn't have dismissed the unpaid wages claim. If it had federal jurisdiction over any of your claims, then wouldn't it have supplemental jurisdiction over all the others? No, Your Honor. I think the Court needs to have jurisdiction over all of the claims in order to dismiss a state law claim. It would need to have jurisdiction over each and every claim that you make. I mean, the plaintiff could abandon claims that the Court does not have jurisdiction over if that's the case. But I don't think that the Court can exercise supplemental jurisdiction, for example, over the FIHA claim, which is so clearly not preempted by Section 301. Even if it had jurisdiction over another claim? Even if it had jurisdiction over another claim. Okay. Thank you. Thank you.
judges: Friedman, Farris, Hurwitz